A.Y. STRAUSS LLC
Robert J. Donaher, Esq.
290 West Mount Pleasant Avenue, Suite 3260
Livingston, New Jersey 07039
Tel: 973-582-7462
E-mail: rdonaher@aystrauss.com
*Attorneys for Third-Party Defendant JUSTIN BLISS*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GS LINE, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>LG ELECTRONICS, USA, INC. and LG ELECTRONICS MOBILECOMM USA, INC.,<br><br>Defendants.<br><br>---<br><br>LG ELECTRONICS, USA, INC. and LG ELECTRONICS MOBILECOMM USA, INC,<br><br>Third-Party Plaintiffs,<br><br>vs.<br><br>ANTHONY ROSSI, DEBORAH HULL ROSSI, BRIAN NORMANN, JUSTIN BLISS, ADAM GARCIA and HURLEY MARKETING GROUP.<br><br>Third-Party Defendants. | Civil Action No. 2:23-cv-21528<br><br>**ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIMS TO THIRD PARTY COMPLAINT OF LG ELECTRONICS, USA, INC. AND LG ELECTRONICS MOBILECOMM USA, INC. ON BEHALF OF THIRD-PARTY DEFENDANT JUSTIN BLISS** |

Third-Party Defendant Justin Bliss ("Third Party Defendant Bliss"), by and through its

undersigned counsel by way of Answer to the Third-Party Complaint of Third-Party Plaintiffs LG

Electronics, USA, Inc. and LG MobileComm USA, Inc. (collectively "LG"), hereby states as

follows:

1

**AS TO THE NATURE OF THE ACTION**

1.     Third-Party Defendant Bliss denies the allegations of paragraph one insofar as it is alleged that he engaged or participated in, acted in furtherance of, advanced, was complicit in, had knowledge of or had anything to DO with any conspiracy or scheme to defraud, as alleged by LG or otherwise.  Third-Party Defendant Bliss otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph one.

2.     Third-Party Defendant Bliss admits the allegations of paragraph two insofar as he acknowledges he was aware LG provided funds for marketing and promotional expenses referred to as Marketing Development Funds or "MDF".  Third Party Defendant Bliss further acknowledges that LG's Carrier customers used MDF to promote LG products and sometimes used vendors to run certain promotions and that such vendors contracted with LG.  Third Party Defendant Bliss otherwise lacks sufficient knowledge and information to either admit or deny the allegation of paragraph two.

3.     Third-Party Defendant Bliss admits that he was employed by T-Mobile in or around 2015 and that Plaintiff/Counterclaim Defendant G.S. Line, Inc. ("GSL") was registered with T-Mobile as an approved vendor.  He lacks knowledge of LG promotional programs predating his employment with LG beginning in 2017.  He acknowledges his general familiarity with Requests for Support ("RFS") used in contracting with approved vendors in connection with LG promotional programs.  He otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph three.

4.     Third-Party Defendant Bliss is generally aware of an audit conducted by LG related to the subject matter of this action.  To the extent the allegations of paragraph four

are directed to Third-Party Defendant Bliss, they are denied. Third-Party Defendant Bliss otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph four.

5.      Third-Party Defendant denies the allegations of paragraph five insofar as they are directed at him. He otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph five.

6.      Third-Party Defendant Bliss denies the allegations of paragraph six insofar as they are directed by him.

7.      Third-Party Defendant Bliss lacks sufficient knowledge and information to either admit or deny the allegations of paragraph seven.

8.      Third-Party Defendant Bliss lacks sufficient knowledge and information to either admit or deny the allegations of paragraph eight.

9.      Third-Party Defendant Bliss lacks sufficient knowledge and information to either admit or deny the allegations of paragraph nine.

10.      Third-Party Defendant Bliss admits the allegations of paragraph ten insofar as he admits he resigned after LG personnel informed him in December 2020 it was his last day. He further admits he retained counsel to obtain payment of bonus compensation to which he believed he was entitled. He otherwise denies the allegations of Paragraph ten insofar as it is alleged that he engaged in unlawful conduct or that he knew that Third-Party Defendant Brian Normann ("Normann") was engaging in unlawful conduct at times relevant to this lawsuit.

11.      Third-Party Defendant Bliss denies the allegations of paragraph eleven insofar as it is alleged or implied that he engaged in unlawful conduct. He denies

specifically that the allegedly embezzled or diverted monies were diverted to him or that he received such monies or benefitted from the alleged from the alleged overcharges, fraudulent scheme and conspiracy.

12. To the extent the allegations of paragraph twelve state legal conclusions or assertions, no answer is required. To the extent the allegations are directed to Third-Party Defendant Bliss, they are denied.

## AS TO THE PARTIES

13. Third-Party Defendant Bliss lacks sufficient knowledge or information to either admit or deny the allegations of paragraph thirteen.

14. Third-Party Defendant Bliss lacks sufficient knowledge or information to either admit or deny the allegations of paragraph fourteen.

15. Third-Party Defendant Bliss lacks sufficient knowledge or information to either admit or deny the allegations of paragraph fifteen.

16. Third-Party Defendant Bliss lacks sufficient knowledge or information to either admit or deny the allegations of paragraph sixteen.

17. Third-Party Defendant Bliss lacks sufficient knowledge or information to either admit or deny the allegations of paragraph seventeen.

18. Third-Party Defendant Bliss denies the allegations of paragraph eighteen insofar as they are directed against him or that it is implied that he replaced Nomann as head of sales for the T-Mobile account in 2019 or that Normann was no longer involved with the T-Mobile account after he was reassigned. He otherwise admits that Normann was a former employee of LG who was head of sales and worked closely with GSL. He admits Normann resigned from LG but otherwise lacks sufficient knowledge or information

4

to either admit or deny the remaining allegations of paragraph eighteen.

19.   Third-Party Defendant Bliss admits the allegations of paragraph nineteen insofar as he admits he now resides in Idaho and formerly resided in the State of Washington while employed by LG.  He acknowledges being part of Normann's sales team between 2017 and 2019.  While he acknowledges he was promoted to director in July 2019, he denies he became head of sales for the T-Mobile account or that he worked closely with Third-Party Defendants Anthony Rossi or Deborah Hull Rossi (collectively "the Rossis").  He lacks specific knowledge and information to either admit or deny LG's intentions with respect to the termination of his employment but acknowledges being advised by LG personnel that it would be his last day before tendering his resignation in December 2020.

20.   Third-Party Defendant Bliss admits the allegations of paragraph 20 insofar as he acknowledges Adam Garcia ("Garcia") is a former LG employee, that he was involved in business-to-business sales and that Garcia was terminated by LG.  He otherwise lacks sufficient knowledge and information to either admit or deny the remaining allegations of paragraph twenty.

21.   Third-Party Defendant Bliss lacks sufficient knowledge and information to either admit or deny the allegations of paragraph twenty-one.

### AS TO JURISDICTION AND VENUE

22.   Third-Party Defendant Bliss neither admits nor denies the allegations of paragraph twenty-two as it states legal conclusions.

23.   Third-Party Defendant Bliss neither admits nor denies the allegations of paragraph twenty-three as it states legal conclusions.

## AS TO FACTS COMMON TO ALL CLAIMS

24.    Third-Party Defendant Bliss admits the allegations of paragraph twenty-four insofar as he admits LG contracted with various carriers to market and sell phones and incentivized the carriers to do so by allocating marketing funds to them including through MDF.  He further admits that Carriers sometimes outsourced the marketing and promotional programs to third party-vendors that contracted with LG.  Third-Party Defendant Bliss otherwise denies the allegations of paragraph twenty-four.

25.    Third-Party Defendant Bliss lacks sufficient knowledge and information to either admit or deny whether T-Mobile was one of the few LG customers which outsourced to a vendor marketing and promotion programs financed by its MDF allocation.  He denies that T-Mobile ran its marketing and promotional activities exclusively through GSL as suggested or implied in paragraph twenty-five.  He believes that Third-Party Defendant Normann introduced GSL to T-Mobile.

26.    Third-Party Defendant Bliss denies that he ever hired GSL to perform T-Mobile marketing and promotional activities.  LG's relationship with GSL was established before Third-Party Defendant Biss became employed by LG and before he was promoted to Director.  Decisions to continue to use GSL for T-Mobile marketing and promotional activities were made by LG employees other than Mr. Bliss and to whom he was and remained accountable and subordinate throughout his tenure with LG.

27.    Third-Party Defendant Bliss neither admits nor denies the allegations of paragraph twenty-seven insofar as they are uncertain or unclear.  He notes that the word "expensive", both generally and as employed here, is a relative term.  He adds that in relation to marketing and promotional funds LG made available to carriers, programs in the

referenced price range are not unusual or uncommonly large.

28. Third-Party Defendant Bliss lacks sufficient knowledge or information to either admit or deny that LG hired GSL to conduct marketing activities for the purpose of creating better brand awareness for LG mobile products. He admits recollection of a "Mobile Showroom" program but lacks sufficient information to either admit or deny whether it was the longest and most expensive program LG contracted GSL to perform for T-Mobile.

29. Third-Party Defendant Bliss lacks sufficient knowledge and information to either admit or deny the allegations of the first sentence of paragraph twenty-nine. He believes the second sentence of paragraph twenty-nine is generally accurate.

30. Third-Party Defendant Bliss admits the allegations of the first sentence of paragraph thirty insofar as he is familiar with Requests for Support ("RFS") agreements and that such agreements memorialized certain agreements between LG and GSL. He neither admits nor denies the remaining allegations of paragraph thirty as the referenced RFS agreements speak for themselves.

31. Third Party Defendant Bliss neither admits nor denies the allegations of paragraph thirty-one as the referenced Terms and Conditions of the RFS speak for themselves.

32. Third-Party Defendant Bliss admits the allegations of paragraph thirty-two insofar as he acknowledges he is familiar with the referenced LG portal but otherwise lacks sufficient knowledge or information as to whether the portal was the sole means by which vendors could claim MDF funds as the paragraph implies.

33. Third-Party Defendant Bliss lacks sufficient knowledge and information to

either admit or deny the allegations of paragraph thirty-three.

34.     Third-Party Defendant Bliss denies the allegations of paragraph thirty-four insofar as they are directed at him.  He denies specifically that he "took over for Normann" on the T-Mobile account or that "he worked closely with GSL" or that Normann no longer was involved with GSL when he was transferred from the T-Mobile account, as the paragraph implies.  He further denies that he was the "responsible employee that typically contracted with GSL" in connection with the T-Mobile account or that he had authority or autonomy over LG's dealings with GSL.

35.     Third-Party Defendant Bliss denies the allegations of paragraph thirty-five insofar as they are directed at him.  He otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph thirty-five.

36.     Third-Party Defendant Bliss denies the allegations of paragraph thirty-six insofar as they are directed at him.  He denies specifically that he was "aware of, facilitated, directed, [or] permitted" the alleged overbilling. He otherwise lacks sufficient information to either admit or deny the allegations of paragraph thirty-six.

37.     Third-Party Defendant Bliss denies the allegations of paragraph thirty-seven insofar as they are directed at him.  He denies specifically that he ever had control or authority over the use of the referenced "escrow" or "breakage" funds or knowledge of any overbilling or billing for services not provided.  He otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph thirty-even.

38.     Third-Party Defendant Bliss denies the allegations of paragraph thirty-eight insofar as they are directed at him.  He denies specifically that he personally benefitted from the alleged overbilling or that funds were ever diverted to him or that he ever received

such funds.  He further denies that he ever conspired with the Rossis, Normann or Garcia or anyone else.

39.     Third-Party Defendant Bliss denies the allegations of paragraph thirty-nine insofar as they are directed against him.  He otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph thirty-nine.

40.     Third-Party Defendant Bliss lacks sufficient knowledge and information to either admit or deny the allegations of paragraph forty.

41.     Third-Party Defendant Bliss lacks sufficient knowledge and information to either admit or deny the allegations of paragraph forty-one.

42.     Third-Party Defendant Bliss lacks sufficient knowledge and information to either admit or deny the allegations of paragraph forty-two.

43.     Third-Party Defendant Bliss lacks sufficient knowledge and information to either admit or deny the allegations of paragraph forty-three.

44.     Third-Party Defendant Bliss lacks sufficient knowledge and information to either admit or deny the allegations of paragraph forty-four.

45.     Third-Party Defendant Bliss admits the allegations of paragraph forty-five insofar as he recalls a similar incentive program to the one described around the referenced time-period.  He otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph forty-five.

46.     Third-Party Defendant Bliss lacks sufficient information to either admit or deny the allegations of paragraph forty-six.   To the extent the allegations of paragraph forty-six are predicated on legal conclusion(s), no response is required.

47.      Third-Party Defendant Bliss denies the allegations of Paragraph forty-seven

to the extent they are directed at him. He denies specifically that he was ever responsible for the referenced program or, to his knowledge or recollection, was ever identified as such in the RFS or other relevant contractual documents. He otherwise lacks sufficient knowledge or information to either admit or deny the allegations of paragraph forty-seven.

48. Third-Party Defendant Normann lacks sufficient knowledge and information to either admit or deny the allegations of paragraph forty-eight.

49. Third-Party Defendant Bliss denies the allegations of paragraph forty-nine insofar as it is alleged he engaged in unlawful conduct.

50. Third Party Defendant Bliss lacks sufficient knowledge and information to either admit or deny the allegations of paragraph fifty.

51. Third Party Defendant Bliss lacks sufficient knowledge and information to either admit or deny the allegations of paragraph fifty-one.

52. Third Party Defendant Bliss lacks sufficient knowledge and information to either admit or deny the allegations of paragraph fifty-two.

53. Third Party Defendant Bliss lacks sufficient knowledge and information to either admit or deny the allegations of paragraph fifty-three.

54. Third Party Defendant Bliss denies the allegations of paragraph fifty-four insofar as they are directed at him. He otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph fifty-four.

55. Third Party Defendant Bliss lacks sufficient knowledge and information to either admit or deny the allegations of paragraph fifty-five.

56. Third Party Defendant Bliss lacks sufficient knowledge and information to either admit or deny the allegations of paragraph fifty-six.

57. Third Party Defendant Bliss lacks sufficient knowledge and information to either admit or deny the allegations of paragraph fifty-seven.

58. Third-Party Defendant Bliss admits the allegations of paragraph fifty-eight insofar as he recalls the referenced Mobile Showroom program. He otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph fifty-eight.

59. Third-Party Defendant Bliss admits the allegations of paragraph fifty-nine insofar as he recalls LG terminating the Mobile Showroom program. To the extent the paragraph states a legal conclusion, Third-Party Defendant Bliss is not obligated to respond. He otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph fifty-nine.

60. Third-Party Defendant Bliss denies the allegations of paragraph sixty insofar as they are directed against him. He denies specifically that he ever had ultimate responsibility or authority to question, approve or reject proof of performance submitted by GSL. He further denies that he was head of sales for the T-Mobile account, or particular aspects of that account involving GSL, as he reported to or was ordered or directed by or under the supervision of others to whom he was accountable and subordinate.

61. Third-Party Defendant Bliss denies the allegations of paragraph sixty-one insofar as they are directed against him. He denies specifically he had primary or ultimate responsibility to review, evaluate or question the referenced proof of service submitted by GSL to LG. He otherwise lacks sufficient information to either admit or deny the allegations of paragraph sixty-one.

62. Third-Party Defendant Bliss denies the allegations of paragraph sixty-two

insofar as they are directed against him.   He denies specifically he had primary or ultimate responsibility to review, evaluate or question the referenced proof of service submitted by GSL to LG.  He otherwise lacks sufficient information to either admit or deny the allegations of paragraph sixty-two.

63.     Third-Party Defendant Bliss denies the allegations of paragraph sixty-three insofar as they are directed against him.   He denies specifically that he engaged in or was responsible for the alleged withholding of the credit memos or alleged retention of the described "escrow" or "breakage" monies.  He further denies having had knowledge of the monies being diverted for other than legitimate business purposes.  He otherwise lacks sufficient information to either admit or deny the allegations of paragraph sixty-three.

64.     Third-Party Defendant Bliss lacks sufficient knowledge and information to either admit or deny the allegations of paragraph sixty-four.  He notes that he never heard of the referenced Rossi family foundations until after his employment tenure with LG.

65.     Third-Party Defendant Bliss lacks sufficient knowledge and information to either admit or deny the allegations of paragraph sixty-five.

66.     Third-Party Defendant Bliss lacks sufficient knowledge and information to either admit or deny the allegations of paragraph sixty-six.

67.     Third-Party Defendant Bliss lacks sufficient knowledge and information to either admit or deny the allegations of paragraph sixty-seven.

68.     Third-Party Defendant Bliss lacks sufficient knowledge and information to either admit or deny the allegations of paragraph sixty-eight.

69.     Third-Party Defendant Bliss lacks sufficient knowledge and information to either admit or deny the allegations of paragraph sixty-nine.

70.     Third-Party Defendant Bliss lacks sufficient knowledge and information to either admit or deny the allegations of paragraph seventy.

71.     Third-Party Defendant Bliss denies the allegations of paragraph seventy-one. The alleged statements made by Third-Party Defendant Bliss' legal counsel have been mischaracterized in the Third-Party Complaint.   Any statements by prior counsel for Third Party Defendant Bliss were made in connection with settlement negotiations involving Mr. Bliss' claim for unpaid bonus compensation that he and counsel believed LG owed him and therefore were confidential settlement communications that are inadmissible in this proceeding.

72.     The allegations of paragraph seventy-two are not directed against Third-Party Defendant Bliss and he thus is not obligated to respond.  He nevertheless lacks sufficient knowledge and information to either admit or deny the allegations of paragraph seventy-two.

73.     The allegations of paragraph seventy-three are not directed against Third-Party Defendant Bliss and he thus is not obligated to respond.  He nevertheless lacks sufficient knowledge and information to either admit or deny the allegations of paragraph seventy-two.

### AS TO COUNT I—FRAUD

74.     Third-Party Defendant Bliss repeats and incorporates his foregoing responses as if fully set forth herein.

75.     Insofar as the allegations of paragraph seventy-five are not directed to Third-Party Defendant Bliss, he is not obligated to respond.  Third-Party Defendant Bliss otherwise lacks sufficient knowledge and information to either admit or deny the

allegations of paragraph seventy-five and leaves LG to its proofs.

76.    Insofar as the allegations of paragraph seventy-six are not directed to Third-Party Defendant Bliss, he is not obligated to respond.  Third-Party Defendant Bliss otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph seventy-six and leaves LG to its proofs.

77.    Insofar as the allegations of paragraph seventy-seven are not directed to Third-Party Defendant Bliss, he is not obligated to respond.  Third-Party Defendant Bliss otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph seventy-seven and leaves LG to its proofs.

78.    The allegations of paragraph seventy-eight are not directed against Third-Party Defendant Bliss and he thus is not obligate to respond.  He nevertheless lacks sufficient knowledge and information to either admit or deny the allegations of paragraph seventy-eight and leaves LG to its proofs.

79.    The allegations of paragraph seventy-nine are not directed against Third-Party Defendant Bliss and he thus is not obligated to respond.  He nevertheless lacks sufficient knowledge and information to either admit or deny the allegations of paragraph seventy-nine and leaves LG to its proofs.

80.    The allegations of paragraph eighty are not directed against Third-Party Defendant Bliss and he thus is not obligated to respond.  He nevertheless lacks sufficient knowledge and information to either admit or deny the allegations of paragraph eighty and leaves LG to its proofs.

81.    The allegations of paragraph eighty-one are not directed against Third-Party Defendant Bliss and he thus is not obligated to respond.  He nevertheless lacks sufficient

knowledge and information to either admit or deny the allegations of paragraph eighty-one and leaves LG to its proofs.

## AS TO COUNT II—CIVIL CONSPIRACY

82.    Third-Party Defendant Bliss repeats and incorporates his foregoing responses as if fully set forth herein.

83.    Third-Party Defendant Bliss denies the allegations of paragraph eighty-three insofar as they are directed at him or insofar as it is alleged that he engaged or participated in, advanced, aided or abetted, was complicit in or had knowledge of the alleged fraudulent scheme and civil conspiracy.  He otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph eighty-three and leaves LG to its proofs.

84.    Third-Party Defendant Bliss denies the allegations of paragraph eighty-four insofar as they are directed at him or insofar as it is alleged that he engaged or participated in, advanced, aided or abetted, was complicit in or had knowledge of the alleged fraudulent scheme and civil conspiracy.  He otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph eighty-four and leaves LG to its proofs.

85.    Third-Party Defendant Bliss denies the allegations of paragraph eighty-five insofar as they are directed at him or insofar as it is alleged that he engaged or participated in, advanced, aided or abetted, was complicit in or had knowledge of the alleged fraudulent scheme and civil conspiracy.  He otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph eighty-five and leaves LG to its proofs.

86.    Third-Party Defendant Bliss denies the allegations of paragraph eighty-six insofar as they are directed at him or insofar as it is alleged that he engaged or participated in, advanced, aided or abetted, was complicit in or had knowledge of the alleged fraudulent

scheme and civil conspiracy. He specifically denies abusing his position at LG and denies that he had the authority or autonomy in his position at LG to either permit or prohibit the alleged unlawful billing. He otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph eighty-three and leaves LG to its proofs.

87. Third-Party Defendant Bliss denies the allegations of paragraph eighty-seven insofar as they are directed at him or insofar as it is alleged that he engaged or participated in, advanced, aided or abetted, was complicit in or had knowledge of the alleged overbilling. He specifically denies engaging in any action or effort to conceal the alleged overbilling. He otherwise lacks sufficient knowledge and information to either admit or deny the remaining allegations of paragraph eighty-seven and leaves LG to its proofs.

88. The allegations of paragraph eighty-eight are not directed to Third-Party Defendant Bliss and thus he is not obligated to respond. He nevertheless denies the allegations of paragraph eighty-eight to the extent they are intended or can be interpreted to implicate him.

89. Third-Party Defendant Bliss denies the allegations of paragraph eighty-nine insofar as they are directed at him or insofar as it is alleged that he engaged or participated in, advanced, aided or abetted, was complicit in or had knowledge of the alleged overbilling. He specifically denies engaging in any concerted action with Garcia as alleged in paragraph eighty-nine. He otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph eighty-nine and leaves LG to its proofs.

90. Third-Party Defendant Bliss denies the allegations of paragraph ninety insofar as it is alleged that he unlawfully obtained any funds from the alleged overbillings or otherwise benefitted from the alleged fraudulent scheme and conspiracy. He lacks

sufficient information to either admit or deny whether GSL and the other Third-Party Defendants unlawfully obtained or distributed such funds and leaves LG to its proofs.

91.     Third-Party Defendant Bliss denies the allegations of paragraph ninety-one insofar as it is alleged that he performed any overt acts in furtherance of the alleged conspiracy.  He lacks sufficient knowledge and information to either admit or deny the allegations against GSL and the other Third-Party Defendants of paragraph ninety-one.

92.     Third-Party Defendant Bliss denies the allegations of paragraph ninety-two insofar as it is alleged that he engaged in any unlawful conduct that caused LG to sustain damages.  He lacks sufficient knowledge and information to either admit or deny the allegations against GSL and the other Third-Party Defendants of paragraph ninety-two.

## AS TO COUNT III—AIDING AND ABETTING FRAUD

93.     Third-Party Defendant Bliss repeats and incorporates his foregoing responses as if fully set forth herein.

94.     Third-Party Defendant Bliss denies the allegations of paragraph ninety-four insofar as they are directed against him.  He denies specifically that he obtained or used for his personal benefit monies GSL allegedly defrauded from LG.  He otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph ninety-four and leaves LG to its proofs.

95.     Third-Party Defendant Bliss denies the allegations of paragraph ninety-five insofar as they are directed against him.  He otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph ninety-five and leaves LG to its proofs.

96.     Third-Party Defendant Bliss denies the allegations of paragraph ninety-six

17

insofar as he that denies that the alleged "excess funds" were ever distributed to him and or that he ever received such funds. He otherwise lacks sufficient information to either admit or deny the allegations of paragraph ninety-six and leaves LG to its proofs.

97. Third-Party Defendant Bliss denies the allegations of paragraph ninety-seven insofar as he denies that he was aware of or personally benefitted from the alleged unlawful acts by GSL. He otherwise lacks sufficient knowledge and information to either admit or deny the allegations against the other Third-Party Defendants in paragraph ninety-seven.

98. Third-Party Defendant Bliss denies the allegations of paragraph ninety-eight insofar as he denies that he was part of the alleged coordinated effort to give assistance and encouragement to GSL to ensure it acted in bad faith with respect to its contracts with LG. He otherwise lacks sufficient knowledge and information to admit or deny the allegations against the other Third-Party Defendants in paragraph ninety-eight.

99. Third-Party Defendant Bliss denies the allegations of paragraph ninety-nine insofar as he denies that he participated in the alleged wrongdoings to defraud LG. He otherwise lacks sufficient knowledge and information to either admit or deny the allegations against the other Third-Party Defendants in paragraph ninety-nine.

100. Insofar as the allegations of paragraph one hundred are not directed against Third-Party Defendant Bliss, he is not obligated to respond. He otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph one hundred and leaves LG to its proofs.

101. Third-Party Defendant Bliss denies the allegations of paragraph one hundred one insofar as it is alleged that he accepted the alleged credit memos or did so for the purpose of defrauding LG and aiding and abetting GSL and the Rossis. He otherwise lacks

18

sufficient knowledge and information to either admit or deny the allegations of paragraph one hundred one.

102. Third Party Defendant Bliss lacks sufficient knowledge and information to either admit or deny the allegations of paragraph one hundred two and leaves LG to its proofs.

103. Third Party Defendant Bliss lacks sufficient knowledge and information to either admit or deny the allegations of paragraph one hundred three and leaves LG to its proofs.

104. Third-Party Defendant Bliss denies the allegations of paragraph one hundred four insofar as he denies he provided any assistance and encouragement to GSL to defraud LG. He otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph one hundred four against the other Third-Party Defendants.

105. Third-Party Defendant Bliss denies the allegations of paragraph one hundred five insofar as he denies he engaged in any unlawful conduct causing LG to sustain damages. He otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph one hundred five against GSL and the other Third-Party Defendants.

### AS TO COUNT IV—BREACH OF CONTRACT

106. Third-Party Defendant Bliss repeats and incorporates his foregoing responses as if fully set forth herein.

107. Insofar as the allegations of paragraph one hundred seven are not directed to Third-Party Defendant Bliss, he is not obligated to respond. Third-Party Defendant Bliss otherwise lacks sufficient knowledge and information to either admit or deny the

allegations of paragraph one hundred eight and leaves LG to its proofs.

108.   Insofar as the allegations of paragraph one hundred eight are not directed to Third-Party Defendant Bliss, he is not obligated to respond.  Third-Party Defendant Bliss otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph one hundred eight and leaves LG to its proofs.

109.   Insofar as the allegations of paragraph one hundred nine are not directed to Third-Party Defendant Bliss, he is not obligated to respond.  Third-Party Defendant Bliss otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph one hundred nine and leaves LG to its proofs.

110.   Insofar as the allegations of paragraph one hundred ten are not directed to Third-Party Defendant Bliss, he is not obligated to respond.  Third-Party Defendant Bliss otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph one hundred ten and leaves LG to its proofs.

111.   Insofar as the allegations of paragraph one hundred eleven are not directed to Third-Party Defendant Bliss, he is not obligated to respond.  Third-Party Defendant Bliss otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph one hundred eleven and leaves LG to its proofs.

112.   Insofar as the allegations of paragraph one hundred twelve are not directed to Third-Party Defendant Bliss, he is not obligated to respond.  Third-Party Defendant Bliss otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph one hundred twelve and leaves LG to its proofs.

113.   Insofar as the allegations of paragraph one hundred thirteen are not directed to Third-Party Defendant Bliss, he is not obligated to respond.  Third-Party Defendant Bliss

otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph one hundred thirteen leaves LG to its proofs.

114.   Insofar as the allegations of paragraph one hundred fourteen are not directed to Third-Party Defendant Bliss, he is not obligated to respond.  Third-Party Defendant Bliss otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph one hundred fourteen and leaves LG to its proofs.

115.   Insofar as the allegations of paragraph one hundred fifteen are not directed to Third-Party Defendant Bliss, he is not obligated to respond.  Third-Party Defendant Bliss otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph one hundred fifteen and leaves LG to its proofs.

116.   Insofar as the allegations of paragraph one hundred sixteen are not directed to Third-Party Defendant Bliss, he is not obligated to respond.  Third-Party Defendant Bliss otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph one hundred sixteen and leaves LG to its proofs.

117.   Insofar as the allegations of paragraph one hundred seventeen are not directed to Third-Party Defendant Bliss, he is not obligated to respond.  Third-Party Defendant Bliss otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph one hundred seventeen and leaves LG to its proofs.

**AS TO COUNT V—BREACH OF IMPLIED COVENANT OF GOOD FAITH**

118.   Third-Party Defendant Bliss repeats and incorporates its foregoing responses as if fully set forth herein.

119.   Insofar as the allegations of paragraph one hundred nineteen are not directed to Third-Party Defendant Bliss, he is not obligated to respond.  Third-Party Defendant Bliss

21

otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph one hundred eight and leaves LG to its proofs.

120.    Insofar as the allegations of paragraph one hundred twenty are not directed to Third-Party Defendant Bliss, he is not obligated to respond.  Third-Party Defendant Bliss otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph one hundred twenty and leaves LG to its proofs.

121.    Insofar as the allegations of paragraph one hundred twenty-one are not directed to Third-Party Defendant Bliss, he is not obligated to respond.  Third-Party Defendant Bliss otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph one hundred twenty-one and leaves LG to its proofs.

122.    Insofar as the allegations of paragraph one hundred twenty-two are not directed to Third-Party Defendant Bliss, he is not obligated to respond.  Third-Party Defendant Bliss otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph one hundred twenty-two and leaves LG to its proofs.

## AS TO COUNT VI—CONVERSION

123.    Third-Party Defendant Bliss repeats and incorporates his foregoing responses as if fully set forth herein.

124.    Insofar as the allegations of paragraph one hundred twenty-four are not directed to Third-Party Defendant Bliss, he is not obligated to respond.  Third-Party Defendant Bliss otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph one hundred twenty-four and leaves LG to its proofs

125.    Insofar as the allegations of paragraph one hundred one hundred twenty-five are not directed to Third-Party Defendant Bliss, he is not obligated to respond.  Third-Party

22

Defendant Bliss otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph one hundred twenty-five and leaves LG to its proofs.

126. Insofar as the allegations of paragraph one hundred twenty-six are not directed to Third-Party Defendant Bliss, he is not obligated to respond. Third-Party Defendant Bliss otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph one hundred twenty-six and leaves LG to its proofs.

127. Insofar as the allegations of paragraph one hundred twenty-seven are not directed to Third-Party Defendant Bliss, he is not obligated to respond. Third-Party Defendant Bliss otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph one hundred twenty-seven and leaves LG to its proofs.

128. Insofar as the allegations of paragraph one hundred twenty-eight are not directed to Third-Party Defendant Bliss, he is not obligated to respond. Third-Party Defendant Bliss otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph one hundred twenty-eight and leaves LG to its proofs.

129. Insofar as the allegations of paragraph one hundred twenty-nine are not directed to Third-Party Defendant Bliss, he is not obligated to respond. Third-Party Defendant Bliss otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph one hundred twenty-nine and leaves LG to its proofs.

### AS TO COUNT VII—UNJUST ENRICHMENT

130. Third-Party Defendant Bliss repeats and incorporates his foregoing responses as if fully set forth herein.

131. Insofar as the allegations of paragraph one hundred thirty-one are not directed to Third-Party Defendant Bliss, he is not obligated to respond. Third-Party Defendant Bliss

otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph one hundred thirty-one and leaves LG to its proofs.

132.    Insofar as the allegations of paragraph one hundred thirty-two are not directed to Third-Party Defendant Bliss, he is not obligated to respond.  Third-Party Defendant Bliss otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph one hundred thirty-two and leaves LG to its proofs.

133.    Insofar as the allegations of paragraph one hundred thirty-three are not directed to Third-Party Defendant Bliss, he is not obligated to respond.  Third-Party Defendant Bliss otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph one hundred thirty-one and leaves LG to its proofs.

134.    Insofar as the allegations of paragraph one hundred thirty-four are not directed to Third-Party Defendant Bliss, he is not obligated to respond.  Third-Party Defendant Bliss otherwise lacks sufficient knowledge and information to either admit or deny the allegations of paragraph one hundred thirty-four and leaves LG to its proofs.

## **AFFIRMATIVE DEFENSES**

1.    The Third-Party Complaint fails to state a claim upon which relief can be granted against Third Party Defendant Bliss.

2.    The Third-Party Complaint should be dismissed for lack of federal subject matter jurisdiction.

3.    The Third-Party Complaint should be dismissed for lack of personal jurisdiction against Third-Party Defendant Bliss.

4.    The Third-Party Complaint is barred, in whole or in part, by the applicable statute of limitations.

24

5.     The Third-Party Complaint is barred in whole or in part by principles of estoppel.

6.     The Third-Party Complaint is barred by the doctrine of unclean hands.

7.     The Third-Party Complaint is barred by the doctrine of laches.

8.     The Third-Party Complaint is barred by the doctrine of waiver.

9.     Any damages sustained by the Third-Party Plaintiff were the result of its own conduct or the conduct of its own principals or conduct otherwise chargeable to the Third-Party Plaintiff.

10.     The Third-Party Complaint fails to plead or allege the elements of fraud or otherwise fails to plead or allege fraud with the requisite particularity.

11.     The Third-Party Complaint fails to plead or allege the elements of civil conspiracy or otherwise fails to plead or allege civil conspiracy with the requisite particularity.

12.     The Third-Party Complaint fails to allege the elements of aiding and abetting or otherwise fails to allege aiding and abetting with the requisite particularity.

13.     Third-Party Defendant Bliss did not benefit from the alleged fraudulent overbillings.

14.     Third-Party Defendant Bliss had no knowledge of the alleged conspiracy, fraudulent scheme, and overbilling.

15.     Third-Party Defendant lacked the request fraudulent intent or scienter to be culpable for the alleged fraudulent scheme, civil conspiracy and alleged overbilling.

16.     Third-Party Bliss' alleged wrongful conduct was not material to the alleged fraudulent scheme, civil conspiracy, and overbilling.

17.    The Third-Party Plaintiffs did not rely on Third Party Defendant Bliss' alleged wrongful conduct in tendering payments to Plaintiff.

18.    Third Party Defendant's loss was not proximately caused by Third Party Defendant Bliss' alleged wrongful conduct.

19.    Third-Party Plaintiffs' claims are barred in whole or in part by their failure to take reasonable steps to minimize or mitigate their loss.

20.    Third-Party Plaintiffs' claims are barred in whole or in part because their alleged losses were caused by actions imputable to the respective corporations.

21.    Third-Party Plaintiffs' claims against Third-Party Defendant Bliss are not actionable because there was no privity of contract between these parties.

22.    Third-Party Plaintiffs' claims against Third Party Defendant Bliss are not actionable because the alleged unlawful actions of others were the superseding cause of the alleged damages or losses.

## <u>RESERVATION OF RIGHTS</u>

Third-Party Defendant Bliss reserves the right to plead or assert further affirmative defenses as they become evident throughout the course of this case, including though discovery or investigation or otherwise and reserves the right to amend its Answer to the Third-Party Complaint.  Third-Party Defendant Bliss reserves the right, at any juncture in the proceedings, including at or before trial, to move for dismissal of the Third Party Complaint on the grounds that it fails to state a claim for relief or for summary judgment.

**WHEREFORE,** Third-Party Defendant Bliss demands judgment be entered in his favor and against Third-Party Plaintiff LG Electronics, USA, Inc. and LG Electronics MobileComm USA, Inc. with prejudice and awarding fees and costs and such other relief as

in the interest of justice.

## JURY DEMAND

Third-Party Defendant Bliss demands a trial by jury on all issues so triable in this case.

## CROSS-CLAIMS FOR INDEMNIFICATION

1.      Third-Party Defendant Bliss hereby asserts cross-claims for indemnification against Plaintiff/Counterclaim Defendant G.S. Line, Inc. ("GSL") and Third-Party Defendants Anthony Rossi, Deborah Hull Rossi, Brian Normann, Adam Garcia and Hurley Marketing Group (collectively the "Cross-Claim Defendants").

2.      The Cross-Claim Defendants are alleged to have engaged in a fraudulent scheme, civil conspiracy and to have defrauded the Third Party Plaintiffs of substantial sums of money.

3.      The Cross-Claim Defendants allegedly engaged in serious wrongdoing, including unlawfully embezzling and converting marketing and program funds for their own use.

4.      Third-Party Defendant Bliss was not a part of any fraudulent scheme or civil conspiracy.

5.      Third-Party Defendant Bliss did not embezzle or convert the marketing and program funds as alleged in the Third-Party Complaint.

6.      Third-Party Defendant Bliss did not personally benefit from the alleged fraudulent scheme, civil conspiracy, embezzlement or conversion of the marketing and program funds.

7.      Third-Party Defendant Bliss was joined in this action merely by virtue of his former employment with Third-Party Plaintiffs and the position he held at LG.

27

8.      In the event there is a finding of liability against Third-Party Defendant Bliss, it will have been as a result of the alleged unlawful conduct of the Cross-Claim Defendants.

9.      Third-Party Defendant Bliss was in a subordinate position with respect to the T-Mobile programs run by G.S. Line and acted at the direction of his superiors at LG.

10.     Third-Party Defendant Bliss did not knowingly engage in any tortious or other unlawful conduct related to the alleged fraudulent scheme, civil conspiracy, embezzlement and conversion.

11.     Therefore, in the event of a judgment of liability, including joint and several liability, or an award of damages against him, it would result from the intentional misconduct of some or all of the Cross-Claim Defendants.

12.     Third-Party Defendant Bliss would thus be entitled to indemnification from some or all of the Cross-Claim defendants.

**Wherefore**, in the event there is a judgment of liability or an award of damages against him, Third-Party hereby demands indemnification from each and all of the Cross-Claim Defendants adjudged liable for damages.

> A.Y. Strauss LLC
> *Attorneys for Third-Party Defendant Justin Bliss*
>
> By: */s/Robert J. Donaher*
> Robert J. Donaher
> rdonaher@aystrauss.com

Dated: March 15, 2024

28