## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GS LINE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>LG ELECTRONICS, USA, INC., et al.,<br><br>Defendants. | Civil Action No.:<br>2:23-cv-21528-MCA-AME<br><br><br>**CONSENT ORDER TO STAY LITIGATION** |
| LG ELECTRONICS, USA, INC. and LG ELECTRONICS MOBILECOMM USA, INC.,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>ANTHONY ROSSI, et al.,<br><br>Third-Party Defendants. | |

**WHEREAS** the United States Attorney for the District of New Jersey (the "US Attorney") has been investigating possible violations of federal crime laws involving conspiracy, wire fraud and money laundering in violation of 18 U.S.C. §§371, 1343, 1349, 1956 and 1957 (the "Investigation"); and

**WHEREAS** the US Attorney's Office has served Grand Jury Subpoenas (the "Subpoenas") on Third-Party Defendants Anthony Rossi and  Deborah Hull Rossi (collectively the "Rossis"), which identify the Rossis as subjects of the Investigation, and demand that the Rossis provide testimony before a federal Grand Jury, and produce documents relating to, among other things, business transactions concerning Third-Party Plaintiffs LG Electronics USA, Inc., and LG Electronics Mobilecomm USA, Inc. (collectively "LG") and other parties to this case,

#13766246v1<MDMDOCS>

including Plaintiff GS Line, Inc., ("GSL"), and third-party defendants Brian Normann, Justin Bliss, Adam Garcia, and The Hurley Marketing Group; and

**WHEREAS** the US Attorney's Office has served a Grand Jury Subpoena on GSL which demands that GSL provide testimony before a federal Grand Jury, and produce documents relating to, among other things, business transactions concerning LG and other parties to this litigation, including third-party defendants Brian Normann, Justin Bliss, Adam Garcia, and The Hurley Marketing Group; and

**WHEREAS** it is the Rossis' position that Deborah Hull Rossi is the sole officer and director of GSL, and Anthony Rossi assisted Deborah Rossi and was involved with the day-to-day operations of GSL; and

**WHEREAS** on May 13, 2026, the US Attorney filed an Indictment against Anthony Rossi and Brian Normann, captioned *United States of America v. Brian Normann and Anthony William Rossi III*, Criminal No. 260245 (WJM) (the "Criminal Case"), arising from substantially the same facts, transactions, and occurrences that are the subject of this civil action; and

**WHEREAS** on May 27, 2026, Anthony Rossi was arraigned in the Criminal Case and entered a plea of not guilty; and

**WHEREAS** on June 2, 2026, Brian Normann was arraigned in the Criminal Case and entered a plea of not guilty; and

**WHEREAS** a trial date has been scheduled in the Criminal Case on January 5, 2027; and

**WHEREAS** an Order (the "First Stay Order") was entered on February 10, 2025 (D.E. 68), staying this case until the earlier of six (6) months from February 10, 2025, or receipt of notification by any of the parties that either a) charges have been brought against one or both of

2

the Rossis, or b) that the US Attorney has concluded its Investigation and has declined to bring charges; and

**WHEREAS** an Order (the "Second Stay Order") was entered on August 19, 2025 (D.E. 70), staying this case for an additional three months, until the earlier of three (3) months from August 19, 2025, or receipt of notification by any of the parties that either a) charges have been brought against one or both of the Rossis, or b) that the US Attorney has concluded its Investigation and has declined to bring charges ("Notice"); and

**WHEREAS** an Order (the "Third Stay Order") was entered on November 24, 2025 (D.E. 72), staying this case for an additional three months, until the earlier of three (3) months from November 24, 2025, or receipt of notification by any of the parties that either a) charges have been brought against one or both of the Rossis, or b) that the US Attorney has concluded its Investigation and has declined to bring charges ("Notice"); and

**WHEREAS** an Order (the "Fourth Stay Order") was entered on March 3, 2026 (D.E. 74), staying this case for an additional three months, until the earlier of three (3) months from March 3, 2026, or receipt of notification by any of the parties that either a) charges have been brought against one or both of the Rossis, or b) that the US Attorney has concluded its Investigation and has declined to bring charges ("Notice"), and directing the Clerk to mark this case Administratively Terminated during the pendency of the stay; and

**WHEREAS** prior to the First Stay Order, the parties in this case were engaged in substantive, jurisdictional and third-party discovery which, at a minimum, required GSL, the Rossis, Normann and The Hurley Marketing Group to respond to written interrogatories and document demands served by LG; and

3

**WHEREAS** prior to the First Stay Order, LG had served subpoenas on certain banks, including the Bank of America,  seeking information regarding accounts for GSL, the Rossis, Brian Normann and the Normann Family Foundation (the "Bank Subpoenas"); and

**WHEREAS** it is the position of the Rossis' and Normann that absent a continued stay of this litigation, in responding to LG's outstanding discovery, including potentially moving to quash the Bank Subpoenas, the Rossis and Normann will be faced with having to choose between waiving their Fifth Amendment rights and responding to the discovery requests served in this case, or asserting their Fifth Amendment rights and compromising their ability to defend themselves in this case; and

**WHEREAS** in light of the filing of the Criminal Case and the pendency of the related criminal prosecution, the parties agree that good cause exists to continue the stay of this action to avoid potential prejudice to the criminal proceedings, protect applicable constitutional and procedural rights, and conserve the resources of the Court and the parties; and

**WHEREAS** all parties acknowledge their ongoing obligation and agree to preserve all documents and records potentially responsive to any discovery request and/or potentially relevant to this matter during the pendency of any stay; and

**WHEREAS** all parties consent to the entry of this Order pursuant to the terms set forth below;

**IT IS** on this ___8th___ day of ___June_____ **2026 ORDERED AS FOLLOWS:**

1.      The stay in this case will continue, and this case will remain Administratively Terminated until such time as the Criminal Cases against Anthony Rossi and Normann are concluded;

5

2.      All parties are ordered to preserve documents, records and discovery materials potentially responsive to any discovery request and/or relevant to this matter during the pendency of any stay entered in this case;

3.       The banks are still required to respond and produce the requested documents included in the Bank Subpoenas.  LG's counsel will hold any documents produced in response to the Bank Subpoenas in escrow, and neither LG nor its counsel will review such documents during the pendency of any stay entered in this case;

4.      The parties shall provide the Court with a joint status report regarding the status of the Criminal Cases within sixty (60) days of the date of this Order, and every sixty (60) days thereafter, until such time as the Criminal Cases are concluded; and

5.      Within thirty (30) days of the conclusion of the Criminal Cases, the parties shall meet and confer, and submit a joint status letter to the Court requesting entry of an order lifting the stay, restoring the case to the Court's active calendar, and providing a proposed joint discovery schedule.

*/s/ André M. Espinosa*

Hon. André M. Espinosa, U.S.M.J.

We hereby consent to the form and entry of this Order:

McELROY, DEUTSCH, MULVANEY
 & CARPENTER, LLP
*Attorneys for Plaintiff GS Line, Inc.,*
*and Third-Party Defendants*
*Deborah Hull Rossi and Anthony Rossi*


By:  *s/ George S. Parsells, III.*
    George S. Parsells, III, , Esq.


Dated:  June 3 , 2026

BRESSLER AMERY & ROSS, P.C.
*Attorneys for Third-Party Defendants*
*Brian Normann and The Hurley Marketing*
*Group*

By:  *s/ Daniel Tyrrell*
   Daniel Tyrrell, Esq.


Dated:  June 3, 2026



By:  *s/ Adam Garcia*
       Adam Garcia
       Third-Party Defendant


Dated:  June 3, 2026

CHIESA SHAHINIAN &
 & GIANTOMASSI PC
*Attorneys for Defendants/Counterclaimants/*
*Third Party Plaintiffs LG Electronics*
*USA, Inc. and LG Electronics*
*MobileComm USA, Inc.*


By:  *s/ Matthew E. Beck*
    Matthew E. Beck, Esq.


Dated:  June 3, 2026

A.Y. STRAUSS
*Attorney for Third-Party Defendant*
*Justin Bliss*


By:  *s/ Robert J. Donaher*
    Robert J. Donaher, Esq.


Dated:  June 3, 2026

#13766246v1<MDMDOCS>